UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LIBERTY INSURANCE CORPORATION,
LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL
PERSONAL INSURANCE COMPANY, LM
GENERAL INSURANCE COMPANY, LM
INSURANCE CORPORATION, LM
PROPERTY AND CASUALTY INSURANCE
COMPANY, THE LIBERTY SURPLUS
INSURANCE CORPORATION, SAFECO
INSURANCE COMPANY OF AMERICA,
SAFECO INSURANCE COMPANY OF
ILLINOIS, STATE AUTO INSURANCE
COMPANY OF OHIO, STATE AUTO
NATIONAL INSURANCE COMPANY, and
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Plaintiffs,

v.

411 PT INC., 4 UR RECOVERY THERAPY
LLC, FOUR TRANSPORT INC., GRAVITY
IMAGING LLC, METRO DURABLE
MEDICAL SUPPLY LLC, PATIENT 1ST
PHARMACY LLC, DAN FAYAD, HASSAN
FAYAD, MIRNA FAYAD, AND ERNESTO
CARULLA, P.T.,

      Defendants.

C.A. No. 2:23-cv-12813

**DEMAND FOR JURY TRIAL**

DAVID J. LANKFORD (P47881)
STEVEN M. BRAUN (P79461)
Law Offices of Greig, Kennedy, Seifert
and Fitzgibbons
Attorney for Plaintiffs
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
248-223-0120
Fax:  603-334-9174

## <u>COMPLAINT</u>

Plaintiffs LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, THE LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF ILLINOIS, (hereinafter collectively referred to as "Plaintiffs Liberty, Safeco, and State Auto"), by their attorneys, Law Offices of Greig, Kennedy, Seifert and Fitzgibbons, hereby allege as follows.

### I.   <u>INTRODUCTION</u>

1.     This matter revolves around a concerted effort by a pain management clinic (non-party First Medical Group PLLC [hereinafter "First Medical"]), physical therapy clinics (Defendants 411 PT, Inc. and 4 Ur Recovery Therapy LLC), a magnetic resonance imaging ("MRI") facility (Defendant Gravity

Imaging, LLC), a durable medical company ("DME") facility (Defendant Metro Durable Medical Supply), a pharmacy (Defendant Patient 1st Pharmacy LLC), a transportation company (Defendant Four Transport Inc.), a referral/solicitation call center (833-I'm-In-Pain, an affiliate of Defendant 411 PT Inc.), and the current and former owners, managers, employees, independent contractors, agents, and representatives of them, who individually and/or collectively, constructed a preparation, plan, system in doing an act, and/or scheme to provide fraudulent and unlawful treatment and/or referrals to the insureds of Plaintiffs Liberty, Safeco, and State Auto in order to seek recovery of benefits potentially available under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq. and in violation thereof.

2.      These Defendants have operated, and upon information and belief continue to operate, a referral and marketing company/call center to solicit the insureds of Plaintiffs Liberty, Safeco, and State Auto to receive products, services and/or accommodations from facilities owned and/or operated by the named Defendants DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.

3.      In furtherance of this preparation, plan, system in doing an act, and/or scheme, Defendants defrauded Plaintiffs Liberty, Safeco, and State Auto by submitting and causing to be submitted false and fraudulent medical records,

documents, correspondences, bills, and invoices through interstate wires and the U.S. Mail seeking payment under the No-Fault Act for treatment and services that were not actually rendered, were fraudulently billed, and/or were not lawfully rendered; and causing to be submitted false and fraudulent medical records, documents, correspondences, bills, and invoices to Medicare.

4.      Defendants 411 PT, Inc. (hereinafter "Defendant 411 PT"), 4 Ur Recovery Therapy LLC (hereinafter "Defendant 4 Ur Recovery"), Four Transport Inc. (hereinafter "Defendant Four Transport"), Gravity Imaging, LLC (hereinafter "Defendant Gravity Imaging"), Metro Durable Medical Supply, LLC (hereinafter "Defendant Metro"), Patient 1st Pharmacy LLC (hereinafter "Defendant Patient 1st"), Dan Fayad, Hassan Fayad, Mirna Fayad, and Ernesto Carulla, P.T. (hereinafter "Defendant Carulla") (collectively hereinafter "Defendants") each individually, or collectively, conspired to, and did in fact, defraud Plaintiffs Liberty, Safeco, and State Auto by perpetuating an insurance billing fraud preparation, plan, system in doing an act, and/or scheme in violation of state and federal law.

5.      The insurance fraud preparation, plan, system in doing an act, and/or scheme perpetrated by Defendants was designed to, and did in fact, result in payments to Defendants from Plaintiffs Liberty, Safeco, and State Auto to

Defendants and/or their subsidiaries, agents, etc., directly for or on behalf of, Plaintiff's insureds.

6.     All of the acts and omissions of the Defendants, individually and/or collectively described throughout this Complaint, were intentionally undertaken.

7.     By this Complaint, and as detailed in each count set out below, Plaintiffs Liberty, Safeco, and State Auto brings this action for: (1) violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) and (d); and/or (2) common law fraud; and/or (3) civil conspiracy; and/or (4) payment under mistake of fact; and/or (5) unjust enrichment. Plaintiffs Liberty, Safeco, and State Auto also seek declaratory relief that no previously denied and/or pending claims submitted to it by Defendants are compensable.

8.     As a result of Defendants' fraudulent acts, Plaintiffs Liberty, Safeco, and State Auto have paid in excess of $1,385,855.45 to defendants related to the patients at issue in this Complaint.

## II.   **THE PARTIES**

9.     Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1-8 as though fully set forth herein.

A. **Plaintiffs**

10.     Plaintiff Liberty Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

11.     Plaintiff Liberty Mutual Fire Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Wisconsin that is licensed in Michigan to engage in the business of insurance.

12.     Plaintiff Liberty Mutual Personal Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of New Hampshire that is licensed in Michigan to engage in the business of insurance.

13.     Plaintiff LM General Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

14.     Plaintiff LM Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

15. Plaintiff LM Property and Casualty Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

16. Plaintiff The Liberty Surplus Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of New Hampshire that is licensed in Michigan to engage in the business of insurance.

17. Plaintiff Safeco Insurance Company of America is an insurance company with its principal place of business in Seattle, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

18. Plaintiff Safeco Insurance Company of Illinois is an insurance company with its principal place of business in Bellevue, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

19. Plaintiff State Auto Insurance Company of Ohio is an insurance company with its principal place of business in Columbus, Ohio duly organized under the laws of Ohio that is licensed in Michigan to engage in the business of insurance.

20.    Plaintiff State Auto National Insurance Company is an insurance company with its principal place of business in Columbus, Ohio duly organized under the laws of Maryland that is licensed in Michigan to engage in the business of insurance.

21.    Plaintiff State Auto Property and Casualty Insurance Company is an insurance company with its principal place of business in Columbus, Ohio duly organized under the laws of Arkansas that is licensed in Michigan to engage in the business of insurance.

### B. Defendants

#### i.    Defendant 411 PT, Inc.

22.    Defendant 411 PT, Inc. is a limited liability company organized under the laws of Delaware and is properly licensed to transact business in the State of Michigan.

23.    Defendant 411 PT is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

24.    At all relevant times, Defendant 411 PT was operated and controlled by Defendants 4 Ur Recovery, Gravity Imaging, Four Transport, Metro, Patient 1st, Hassan Fayad, Mirna Fayad, and Defendant Carulla.

25.    Defendant 411 PT's principal place of business is located in Southfield, Michigan.

26.     Defendant 411 PT billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered and/or were unlawful in relation to the insureds of Plaintiffs Liberty, Safeco, and State Auto.   (**Exhibit 1: Billing Statements from Defendant 411 PT**).

### ii.     Defendant 4 UR Recovery Therapy, LLC

27.     Defendant 4 Ur Recovery Therapy LLC is organized under the laws of the State of Michigan.

28.     Defendant 4 Ur Recovery is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

29.     At all relevant times, Defendant 4 Ur Recovery was operated and controlled by Defendants 411 PT, Gravity Imaging, Four Transport, Metro, Patient 1st, Hassan Fayad, Mirna Fayad, and Defendant Carulla.

30.     Defendant 4 Ur Recovery's principal place of business is located in Detroit, Michigan.

31.     Defendant 4 Ur Recovery billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered and/or were unlawful in relation to insureds of Plaintiffs Liberty, Safeco, and State Auto. (**Exhibit 2: Billing Statements from Defendant 4 UR Recovery**).

### iii.     Defendant Four Transport Inc.

32.    Defendant Four Transport, Inc. is incorporated under the laws of the State of Michigan.

33.    Defendant Four Transport is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

34.    At all relevant times, Defendant Four Transport was operated and controlled by Defendants 411 PT, 4 UR Recovery Gravity Imaging, Metro, Patient 1st, Hassan Fayad, Mirna Fayad, and Defendant Carulla.

35.    Defendant Four Transport's principal place of business is located in Dearborn, Michigan.

36.    Defendant Four Transport billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered and/or were unlawful in relation to insured of Plaintiffs Liberty, Safeco, and State Auto. (**Exhibit 3: Billing Statements from Defendant Four Transport**).

### iv.    Defendant Gravity Imaging, LLC

37.    Defendant Gravity Imaging, LLC is organized under the laws of the State of Michigan.

38.    Defendant Gravity Imaging is owned by Defendants Hassan Fayad and Mirna Fayad, who are both citizens of the State of Michigan.

39.     At all relevant times, Defendant Gravity Imaging was operated and controlled by Defendants 411 PT, 4 Ur Recovery, Four Transport, Metro, Patient 1st, Hassan Fayad, Mirna Fayad, and Defendant Carulla.

40.     Defendant Gravity Imaging's principal place of business is located in Berkley, Michigan.

41.     Defendant Gravity Imaging billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered, were not rendered, and/or were unlawful in relation to insureds of Plaintiffs Liberty, Safeco, and State Auto. (**Exhibit 4: Billing Statements from Defendant Gravity**).

## v.     Defendant Metro Durable Medical Supply, LLC

42.     Defendant Metro Durable Medical Supply LLC is organized under the laws of the State of Michigan.

43.     Defendant Metro is owned by Defendant Hassan Fayad, who is a citizen of the State of Michigan.

44.     At all relevant times, Defendant Metro was operated and controlled by Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Patient 1st Hassan Fayad, Mirna Fayad, and Defendant Carulla.

45.     Defendant Metro's principal place of business is located in Berkley, Michigan.

46.     Defendant Metro billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered and/or were unlawful in relation to insureds of Plaintiffs Liberty, Safeco, and State Auto. (**Exhibit 5: Billing Statements from Defendant Metro**).

### vi.     Defendant Patient 1st Pharmacy LLC

47.     Defendant Patient 1st Pharmacy LLC is organized under the laws of the State of Michigan.

48.     Defendant Patient 1st is owned by Defendant Hassan Fayad, who is a citizen of the State of Michigan.

49.     At all relevant times, Defendant Patient 1st was operated and controlled by Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Metro, Hassan Fayad, Mirna Fayad, and Defendant Carulla.

50.     Defendant Patient 1st's principal place of business is located in Berkley, Michigan.

51.     Defendant Patient 1st billed Plaintiffs Liberty, Safeco, and State Auto for services that were not actually rendered and/or were unlawful in relation to insureds of Plaintiffs Liberty, Safeco, and State Auto. (**Exhibit 6: Billing Statements from Defendant Patient 1st**).

### vii.   **Defendant Dan Fayad**

52.    Defendant Dan Fayad is a resident and citizen of the State of Michigan.

53.    At all relevant times, Defendant Dan Fayad operated and controlled Defendants Metro and Patient 1st.

### viii.   **Defendant Hassan Fayad**

54.    Defendant Hassan Fayad is a resident and citizen of the State of Michigan.

55.    At all relevant times, Defendant Hassan Fayad operated and controlled Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Metro, and Patient 1st.

### ix.   **Defendant Mirna Fayad**

56.    Defendant Mirna Fayad is a resident and citizen of the State of Michigan.

57.    At all relevant times, Defendant Mirna Fayad operated and controlled Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Metro, and Patient 1st.

### x.   **Defendant Ernesto Carulla, P.T.**

58.    Defendant Ernesto Carulla, P.T. is a resident and citizen of the State of Michigan.

59.    At all relevant times, Defendant Carulla operated and controlled Defendants 411 PT, 4 Ur Recovery, and A1.

### III.    JURISDICTION AND VENUE

60.    Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 59 as though fully set forth herein.

61.    Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action relating to the claims brought by Plaintiffs Liberty, Safeco, and State Auto under 18 U.S.C. § 1961, *et seq*. because they arise under the laws of the United States.

62.    Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 against each defendant and because it is between citizens of different states, as detailed in the foregoing section.

63.    Supplemental jurisdiction over Plaintiffs Liberty's, Safeco's, and State Auto's state law claims is proper pursuant to 28 U.S.C. § 1367.

64.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the vast majority of the acts at issue in this Complaint were carried out within the Eastern District of Michigan.

## IV.   BACKGROUND ON THE DEFENDANTS AND THEIR SCHEME

### A. Overview of involvement of Defendants Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla; and their businesses and clinics, including Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st.

65.    Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

66.    Defendants used the Defendant medical provider entities to submit exorbitant charges to Plaintiffs Liberty, Safeco, and State Auto for purported medical services, procedures, and equipment that were not actually provided, were unlawful, were the subject of unlawful referral to/from/between entities co-owned and/or co-operated by Defendants, and/or were fraudulently billed.

67.    The fraudulent preparation, plan, system in doing an act, and/or scheme described herein was driven by Defendant Hassan Fayad; his family, including Defendant Dan Fayad and Mirna Fayad; Defendant Carulla; non-party Dr. William Gonte and his facility First Medical and the Defendants' businesses and clinics, including Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Metro, and Patient 1st.

68.    Defendants Dan Fayad, Hassan Fayad, Mirna Fayad, their family, and their associates coordinated, operated, and oversaw a vast solicitation network who worked in concert to identify individuals (hereinafter "patients"), who claimed to

have been involved in motor vehicle accidents, and to unlawfully and improperly induce such individuals to present to the defendant medical providers, which they themselves owned or had ownership interests in, including, but not limited to, holding themselves out to be agents for Plaintiffs Liberty, Safeco, and State Auto, and/or their attorneys, to generate claims back to Plaintiffs Liberty, Safeco, and State Auto, including, but not limited to, through payments from the Defendants to patients in exchange for claims of purported treatment.

69.    After patients were unlawfully and improperly induced to seek medical treatment that the patients did not actually need and that they did not voluntarily seek, they were directed to medical clinics owned or controlled by the Defendants, and to non-party First Medical. There, Hassan Fayad was the lead/primary "office manager" and interviewed and hired medical personnel, controlled the treatment and unlawful referrals as referenced above to clinics in which he and his family had ownership/operational stakes, thereby resulting in thousands of dollars of charges submitted to Plaintiffs Liberty, Safeco, and State Auto by Defendants 411 PT, 4 Ur Recovery, Four Transport, Gravity, Metro, and Patient 1st.

70.    At non-party First Medical facility, Defendant Hassan Fayad, both directly, and indirectly through his agent Toni Wallace (non-party and on-site office manager of Defendant Spine & Health), would induce, direct, and place

undue duress on medical staff to document and/or prescribe unwarranted and unnecessary medical treatment, services, prescriptions, etc.

71.     In that regard, an online commercial for 833-I'm-In-Pain for the call center owned by Defendant Hassan Fayad details the direct ties between the Defendant entities.

72.     The online ad for this call center includes images of the transportation vehicles from Defendant 4/Four Transport and patients treating at 411 Therapy/PT, confirming that all of these entities operate as part of the same network:





73.     Specifically, Defendant Hassan Fayad confirmed that the New Jersey call center processes information provided by claimants purporting to be in auto accidents and that this information is then forwarded to Defendant Hassan Fayad, to the intake representative for Defendant 411 PT, and to Defendant Four Transport to begin the fraudulent referral preparation, plan, system in doing an act, and/or scheme to each facility controlled by Defendant Hassan Fayad and his family members.

74.     Defendants were members of a "cooperative" that would routinely refer every patient for a buffet of treatment available at non-party First Medical and/or the Defendants' facilities to enhance expenses to be submitted to Plaintiffs Liberty, Safeco, and State Auto.

75.     This scheme was advanced through non-party First Medical, a shell facility where Defendant Hassan Fayad personally controlled their referrals, both directly, and indirectly through Toni Wallace, to the other medical providers he owned, managed and/or controlled.

76.     Non-party First Medical used a predetermined treatment protocol to maximize the amount of charges generated by the associated clinics, including prescriptions for physical therapy and occupational therapy (billed by Defendants 411 PT and 4 Ur Recovery), orders for MRIs (billed by Defendant Gravity Imaging), issuance of disability certificates claiming patients needed medical

transportation (billed by Defendant Four Transport), and orders for prescriptions (billed by Defendants Metro and Patient 1ˢᵗ).

77.     Defendant Hassan Fayad also organized non-party 4 Health to facilitate Defendants' unlawful and improper solicitation, referrals inducement, and pay outs/kickbacks.

78.     Defendant 4 Health's Articles of Organization state that the purpose of the business is "Health Referral and Marketing," which is a misinformation cover title for the actions taken by Defendant Hassan Fayad and his co-actors.

## V.     SPECIFICS OF CLAIMS SUBMITTED AND FRAUDULENT ACTIONS BY DEFENDANTS

79.     Plaintiffs Liberty, Safeco, and State Auto reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 78 as though fully set forth herein.

80.     In furtherance of the fraudulent preparation, plan, system in doing an act, and/or scheme outlined above, treatment was conferred by nurse practitioners and physicians' assistants at non-party First Medical without the legally required, scope of practice and/or practice agreements between non-party Dr. William Gonte and these individuals.

81.     In addition to the treatment being unlawfully provided, the records created by these individuals contain information about alleged physical

examinations that did not occur, resulting in diagnosis(es) that were wholly unsupported.

82.     That non-party Dr. William Gonte, with the aid of Defendant Hasan Fayad, directed multiple nurse practitioners and physicians' assistants to enter the unsupported diagnosis(es) to falsely document justification for the unnecessary treatment, tests, prescriptions, etc. provided by Defendant controlled facilities to further defraud Plaintiffs Liberty, Safeco, and State Auto into making payments to them.

83.     Defendant Hassan Fayad's control over non-party First Medical was explained by nurse practitioners and physician's assistants at the clinic, who testified that non-party First Medical is actually owned and/or managed by Defendant Hassan Fayad and run by members of his family.

84.     Moreover, the testimony is that Defendant Hassan Fayad, who although holding no medical licensure or certification, would hold meetings at Defendants 411 PT and that he would state that individuals that were not prescribing MRIs, physical therapy, medications, and durable medical devices would be fired.

85.     In addition to these meetings the other office manager at First Medical, who also lacked any medical licensure or certification, would place recommendations on patient charts to ensure false prescriptions and unfounded

referrals were documented and that patients were directed to the other Defendants facilities.

86.    That one of the physician's assistants previously employed with non-party First Medical and/or its precursor organization Spine & Health PLLC testified that the physical exam reports were unable to be completed by medical staff and that there is a requirement to use the pre-determined form template, and that the entirety of durable medical equipment, medications (with the exception of non-steroidal anti-inflammatories), physical therapy, diagnostic testing, and other recommended treatment options that were only provided under direct orders from Defendant Hassan Fayad.

87.    All patients seen by a physician's assistant or nurse practitioner at non-party First Medical were the subject of documented medical records with a section pertaining to physical examination that was impossible to complete and that would then be the basis for frivolous referrals to the Defendants Fayad owned entities.

88.    Based on the non-existent, unlawful and/or incomplete exams by members of non-parties Spine & Health and First Medical, these medical personnel would be forced to sign, or have their names forged upon, prescriptions and letters of alleged medical necessity for the sole purpose of creating and/or enhancing billables at the other Defendant facilities in order to further monetization of the

overall fraudulent preparation, plan, system in doing an act, and/or scheme against Plaintiffs Liberty, Safeco, and State Auto.

## VI.   DAMAGES

89.    Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 88 as though fully set forth herein.

90.    The aforementioned scheme and actions by Defendants injured Plaintiffs Liberty, Safeco, and State Auto through Defendants violation of law.

91.    Pursuant to exhibits 1 through 6, Plaintiffs Liberty's, Safeco's, and State Auto's injury includes, but is not limited to, compensatory damages in excess of $1,385,855.45.

92.    The aforementioned exhibits 1 through 6, identify monies paid by Plaintiffs Liberty, Safeco, and State Auto to and for the benefit of Defendants by date, payor, patient claim number, check number, and amount.

93.    None of these payments have been reimbursed at this point.

94.    Moreover, all payments in identified in exhibits 1 through 6 were checks sent by Plaintiffs Liberty, Safeco, and State Auto to the Defendants entities through the U.S. Mail.

95.    As such, Defendants knew that the U.S. Mail would be used as part of their scheme to defraud as Defendants only faxed and mailed medical records and

bills for the purpose of having Plaintiffs Liberty, Safeco, and State Auto rely on such documents and mail payment in response thereto.

96.     Plaintiffs Liberty, Safeco, and State Auto also seek damages, in an amount to be determined at trial, related to the cost of claims handling/adjustment for claims mailed and faxed by Defendants and their affiliated Defendant entities.

97.     Plaintiffs Liberty, Safeco, and State Auto investigated each of the Defendants both individually and in connection with the comprehensive scheme detailed herein and incurred investigative and claims handling expenses with respect to each Defendant.

## VII.    CAUSES OF ACTION

### COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) (DEFENDANTS ENTERPRISE COLLECTIVELY) AGAINST DEFENDANTS 411 PT INC., FOUR TRANSPORT INC., 4 UR RECOVERY THERAPY LLC, GRAVITY IMAGING LLC, METRO DURABLE MEDICAL SUPPLY LLC, PATIENT 1ST PHARMACY, DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.

98.     Plaintiffs Liberty, Safeco, and State Auto reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 97 as though fully set forth herein.

99.     Defendants collectively constitute an enterprise, as defined in 18 U.S.C. § 1961(4), engaged in, and the activities of which affect, interstate commerce.

100.   In connection with each of the claims identified in the within Complaint, Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, along with the direct aid and control of Defendants Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla, along with Defendant Hassan Fayad's company, 4 Health, intentionally caused to be prepared, faxed, and mailed false medical documentation, or knew that such false medical documentation would be faxed and mailed in the ordinary course of each facility's business, or should have reasonably foreseen that the mailing of such false medical documentation by each facility would occur, in furtherance of the Defendants' scheme to defraud.

101.   Defendants knew that two (2) or more faxes and mailings would be sent to demand and receive payment from Plaintiffs Liberty, Safeco, and State Auto on certain dates, including, but not limited to, mailing of the claims identified in the charts attached.  (**Exs. 1 through 6**).

102.   As documented above, Defendants repeatedly and intentionally submitted, caused to be submitted, or knew that documentation would be submitted to Plaintiffs Liberty, Safeco, and State Auto for medical services that were purportedly performed each entity, which they knew would be billed by the respective facility, in order to wrongly collect payment from Plaintiffs Liberty, Safeco, and State Auto under applicable provisions of the Michigan No-Fault Act.

103.   Defendants Dan Fayad, Hassan Fayad, and Mirna Fayad owned and managed Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, and were responsible for all actions taken by these facilities and their respective staffs.

104.   Defendant Carulla was responsible for the excessive physical therapy billed by Defendants 411 PT and 4 UR Recovery, if treatment was rendered at all.

105.   Defendant Four Transport was responsible for transporting patients to Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, and non-party First Medical, for unnecessary treatment, which allowed these facilities to submit bills to Plaintiffs Liberty, Safeco, and State Auto.

106.   Based on the frivolous and unlawful prescriptions from non-party First Medical, Defendant Metro was allowed to deliver wholly unnecessary devices for which it unlawfully billed.

107.  Defendants Hassan Fayad, Mirna Fayad, and 4 Health were responsible for the illegal solicitation and inducement of patients and improper referrals that resulted in unlawful and unnecessary treatment by Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st that were billed to Plaintiffs Liberty, Safeco, and State Auto.

108.   Non-Party First Medical generated fraudulent records in furtherance of the enterprise's objectives to create the false appearance of need for referring for

and/or performing lawful and necessary treatment and/or services to the patients at issue herein.

109.   Non-Party, Dr. William Gonte, along with numerous physician's assistants and nurse practitioners who were unlawfully rendering treatment in the absence of practice agreements and scope of practices agreements respectively, was responsible for unsupported and/or unnecessary prescriptions and disability for treatment and/or services falsely related to injuries allegedly uncovered in examinations that were in whole or in part not done at non-party First Medical.

110.   Additionally, non-party, Dr. William Gonte, under the direction of Defendant Hassan Fayad, would allege false injuries in the form of radiculitis to multiple levels of the spine, which was included in medical record template that was unable to be altered in terms of removing items by the numerous physician's assistants and nurse practitioners who are or were employed by Defendants Spine & Health and First Medical.

111.   Defendant Gravity Imaging billed Plaintiffs Liberty, Safeco, and State Auto for MRIs, which were used to create the appearance that Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st were performing lawful treatment and/or services to the patients at issue herein and the false appearance that patients needed treatment.

112.   Defendants submitted, or caused to be submitted, false and fraudulent medical records, bills, and invoices that created the appearance of injury and permitted each facility to continue providing unlawful treatment, if provided at all.

113.   As a result of, and in reasonable reliance on, these intentionally misleading documents and representations, Plaintiffs Liberty, Safeco, and State Auto, by its agents and employees, issued payment drafts to Defendants that would not otherwise have been paid.

114.   The Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Plaintiffs Liberty's, Safeco's, and State Auto's damages and injuries.

115.   By virtue of the Defendants' violation of 18 U.S.C. § 1962(c), Plaintiffs Liberty, Safeco, and State Auto are entitled to recover from them three times the damages sustained by reason of the claims submitted, caused to be submitted, or known to be submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

**COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. (411 THERAPY ENTERPRISE) AGAINST DEFENDANTS 411 PT INC., FOUR TRANSPORT INC., 4 UR RECOVERY THERAPY LLC, GRAVITY IMAGING LLC, METRO DURABLE MEDICAL SUPPLY LLC, PATIENT 1ST PHARMACY, DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.**

116.    Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 115 as though fully set forth herein.

117.    Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla conspired with each other to violate 18 U.S.C. § 1962(c) through the facilitation of the operation of each named facility that rendered/provided treatment/services.

118.    Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla each agreed to further, facilitate, support, and operate Defendants enterprise.

119.    As such, Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla conspired to violate 18 U.S.C. § 1962(c) through means of direct solicitation and referral of each patient to each entity alleging that it provided treatment and/or services.

120.   The purpose of the conspiracy was to obtain insurance payments from Plaintiffs Liberty, Safeco, and State Auto on behalf of each entity even though said entity was not eligible to collect such payments by virtue of its unlawful conduct.

121.   Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla were aware of this purpose and agreed to take steps to meet the enterprise's conspiracy objectives, including the creation and submission of claims for No-Fault benefits to Plaintiffs Liberty, Safeco, and State Auto and medical records containing misrepresentations arising from the unlawful and unprovided alleged treatment/services.

122.   Plaintiffs Liberty, Safeco, and State Auto have been injured in their business and property by reason of this conspiratorial conduct in that Plaintiffs Liberty, Safeco, and State Auto have been induced to make insurance payments to Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla as a result of each entity's and person's unlawful conduct as set forth above.

123.   By virtue of the Defendants' violation of 18 U.S.C. § 1962(d), Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, Dan Fayad, Hassan Fayad, Mirna Fayad, and Defendant Carulla are jointly and severally liable to Plaintiffs Liberty, Safeco, and State Auto, entitling

Plaintiffs Liberty, Safeco, and State Auto to recover from each three times the damages sustained by reason of the claims submitted by or on behalf of each entity, and others acting in concert with them, together with the costs of this lawsuit, including reasonable attorney's fees.

## COUNT III — COMMON LAW FRAUD

124.   Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 123 as though fully set forth herein.

125.   Defendants intentionally and knowingly made or caused to be made false and fraudulent statements of material fact to Plaintiffs Liberty, Safeco, and State Auto by submitting, and causing to be submitted, bills and related documentation for services that were either not performed, or were medical unnecessary.

126.   The false statements of material fact include, but are not limited to, those misrepresentation as identified in the foregoing paragraphs.

127.   Defendants knew that these misrepresentations were false and fraudulent at the time they were made and submitted to Plaintiffs Liberty, Safeco, and State Auto for payment under the Michigan No-Fault Act.

128.   Defendant made the above-described misrepresentations and engaged in such conduct with the intent, and in order to, induce Plaintiffs Liberty, Safeco, and State Auto to rely on the misrepresentations.

129.   Plaintiffs Liberty, Safeco, and State Auto reasonably relied upon such material misrepresentations to its detriment in paying numerous non-meritorious bills for allowable expenses in the form of treatment and/or services under the Michigan No-Fault Act and incurred expenses related to the adjustment and processing of claims submitted by Defendants.

130. As a direct and proximate result of Defendants' fraudulent representations and acts, Plaintiffs Liberty, Safeco, and State Auto have been damaged in their respective business and property as previously described herein.

## COUNT IV — CIVIL CONSPIRACY

131.   Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 130 as though fully set forth herein.

132.   Defendants combined and concerted to accomplish the unlawful purpose of defrauding Plaintiffs Liberty, Safeco, and State Auto by submitting claims for payment pursuant to applicable provisions of the Michigan No-Fault Act to which they were not entitled because (1) Defendants did not actually render the treatment and/or services for which claims were submitted, (2) Defendants did not

provide reasonable necessary treatment and/or services, (3) Defendants did not lawfully render treatment, and/or (4) Defendants engaged in fraudulent billing practices.

133.   Defendants worked together to achieve an unlawful purpose, i.e. defrauding Plaintiffs Liberty, Safeco, and State Auto, for personal gain.

134.   This purpose was known to all Defendants and intentionally pursued.

135.   Despite knowing that Defendants were not entitled to payment pursuant to applicable provisions of the Michigan No-Fault Act because they billed for treatment and/or services that were (1) not actually provided, (2) were not reasonably necessary, (3) were not lawfully rendered, and/or (3) were fraudulently billed, Defendants nonetheless submitted, caused to be submitted, or knew that claims would be submitted (with accompanying false medical documentation) to Plaintiffs Liberty, Safeco, and State Auto seeking payment.

136.   In reasonable reliance on Defendants' false medical documentation that was submitted to Plaintiffs Liberty, Safeco, and State Auto, Plaintiff Liberty, Safeco, and State Auto made payments relying on these falsified documents.

137.   Defendants directly benefited from the payments made to each entity.

138.   All Defendants actively and intentionally partook in a scheme to defraud Plaintiffs Liberty, Safeco, and State Auto and also encouraged and aided

other Defendants in the commission of acts done for the benefit of all Defendants and to the unjustified detriment of Plaintiffs Liberty, Safeco, and State Auto.

139. Accordingly, all of the Defendants are equally liable for the fraud perpetrated on Plaintiffs Liberty, Safeco, and State Auto pursuant to their conspiracy.

## COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS

140. Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 139 as though fully set forth herein.

141. Plaintiffs Liberty, Safeco, and State Auto paid the amounts described herein under a misunderstanding, misapprehension, error, fault, or ignorance of material facts, namely, the preparation, plan, system in doing an act, and/or scheme to defraud Plaintiffs Liberty, Safeco, and State Auto by misrepresenting the fact, lawfulness, and necessity of treatment and/or services purportedly provided and billed by Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st.

142. Specifically, Defendant Hassan Fayad through his company, 4 Health's, unlawful solicitation referred these alleged injured persons to clinics he and his family have ownership interest in, another clear unlawful act under state and federal law.

143.   Plaintiffs Liberty, Safeco, and State Auto sustained damages by paying under a mistake of fact the claims submitted by Defendants, which misrepresented the fact, reasonableness, necessity, and lawfulness of the medical services allegedly rendered and whether the patient's injury arose out of a motor-vehicle accident.

144.   Plaintiffs Liberty, Safeco, and State Auto are entitled to restitution from each of Defendants 411 PT, 4 UR Recovery, Four Transport, Gravity Imaging, Metro, and Patient 1st, individually and jointly, for all monies paid to and/or received by them from Plaintiffs Liberty, Safeco, and State Auto.

### COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS

145.   Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 144 as though fully set forth herein.

146.   Defendants submitted, caused to be submitted, or benefited from claims submitted to Plaintiffs Liberty, Safeco, and State Auto that caused Plaintiffs Liberty, Safeco, and State Auto to pay money, in reasonable belief that they were legally obligated to make such payments based upon Defendants' fraudulent misrepresentations.

147.   Plaintiffs Liberty's, Safeco's, and State Auto's payments constitute a benefit which Defendants aggressively sought and voluntarily accepted.

148.   Defendants wrongfully obtained or benefited from payments from Plaintiffs Liberty, Safeco, and State Auto through the fraudulent scheme detailed herein.

149.   Defendants have been unjustly enriched by receipt of or benefit from these wrongfully obtained payments from Plaintiffs Liberty, Safeco, and State Auto.

150.   Defendants' retention of these payments would violate fundamental principles of justice, equity, and good conscience.

## **COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

151.   Plaintiffs Liberty, Safeco, and State Auto hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 150 as though fully set forth herein.

152.   Defendants routinely billed for unnecessary and unlawful services with respect to the patients at issue in this Complaint.

153.   Defendants also billed for services not rendered.

154.   Defendants also billed for services pursuant to a fraudulent scheme whereby patients were illegally solicited and referred to them for the purpose of generating claims to Plaintiffs Liberty, Safeco, and State Auto, and not for the purpose of providing reasonably necessary medical treatment, testing, or services.

155. Pursuant to the Michigan No-Fault Act, an insurer is liable to pay benefits only for reasonable and necessary expenses for lawfully rendered treatment arising out of a motor-vehicle accident Mich. Comp. Laws §§ 500.3105 and 500.3107.

156. The lack of reasonableness and necessity are defenses to an insurer's obligation to pay No-Fault benefits arising out of a motor vehicle accident. Mich. Comp. Laws § 500.3107.

157. Where a provider is unable to show that an expense has been incurred for a reasonably necessary product or service arising out of a motor vehicle accident, there can be no finding of a breach of the insurer's duty to pay, and thus no finding of liability with regard to that expense.

158. Defendants continue to submit claims under applicable provisions of the Michigan No-Fault Act for unnecessary and unlawfully rendered medical services to Plaintiffs Liberty, Safeco, and State Auto, and other claims remain pending with Plaintiffs Liberty, Safeco, and State Auto.

159. Accordingly, Plaintiffs Liberty, Safeco, and State Auto requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that the Defendants billed for unnecessary and unlawful treatment that is not compensable under applicable provisions of the Michigan No-Fault Act.

160.   Plaintiffs Liberty, Safeco, and State Auto also request a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants were engaged in a fraudulent scheme whereby they billed for unnecessary and unlawful treatment and submitted unreasonable charges for the same to Plaintiffs Liberty, Safeco, and State Auto at all relevant times.

161.   As such, Defendants have no standing to submit, pursue, or receive benefits or any other payment from Plaintiffs Liberty, Safeco, and State Auto, and Plaintiffs Liberty, Safeco, and State Auto requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot seek payment from Plaintiffs Liberty, Safeco, and State Auto for benefits under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint.

162.   Plaintiffs Liberty, Safeco, and State Auto further request a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot balance bill or otherwise seek payment from any person insured under an insurance policy issued by Plaintiffs Liberty, Safeco, and State Auto policy or for whom Plaintiffs Liberty, Safeco, and State Auto are the responsible payors related to the fraudulent conduct detailed in the within Complaint.

## VIII.   DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Liberty, Safeco, and State Auto respectfully pray that judgment enter in their favor as follows:

### COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) (DEFENDANTS ENTERPRISE COLLECTIVELY) AGAINST DEFENDANTS 411 PT INC., FOUR TRANSPORT INC., 4 UR RECOVERY THERAPY LLC, GRAVITY IMAGING LLC, METRO DURABLE MEDICAL SUPPLY LLC, PATIENT 1ST PHARMACY, DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.

a. AWARD Plaintiffs Liberty, Safeco, and State Auto their actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty, Safeco, and State Auto treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

c. GRANT Plaintiffs Liberty, Safeco, and State Auto injunctive relief enjoining Defendants from engaging in the wrongful conduct alleged in the within Complaint; AND

d. GRANT all other relief this Honorable Court deems just.

### COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. (411 THERAPY ENTERPRISE) AGAINST DEFENDANTS 411 PT INC., FOUR TRANSPORT INC., 4 UR RECOVERY THERAPY LLC, GRAVITY IMAGING LLC, METRO DURABLE MEDICAL SUPPLY LLC, PATIENT 1ST PHARMACY, DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.

a.  AWARD Plaintiffs Liberty, Safeco, and State Auto their actual and consequential damages in an amount to be determined at trial;

b.  AWARD Plaintiffs Liberty, Safeco, and State Auto treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

c.  GRANT Plaintiffs Liberty, Safeco, and State Auto injunctive relief enjoining Defendants from engaging in the wrongful conduct alleged in the within Complaint; AND

d.  GRANT all other relief this Honorable Court deems just.

## COUNT III — COMMON LAW FRAUD

a.  AWARD Plaintiffs Liberty, Safeco, and State Auto their actual and consequential damages in an amount to be determined at trial;

b.  AWARD Plaintiffs Liberty, Safeco, and State Auto their costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c.  GRANT all other relief this Honorable Court deems just.

## COUNT IV — CIVIL CONSPIRACY

a.  AWARD Plaintiffs Liberty, Safeco, and State Auto their actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty, Safeco, and State Auto their costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c. GRANT all other relief this Honorable Court deems just.

### COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS

a. DECLARE that Plaintiffs Liberty, Safeco, and State Auto have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b. DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty, Safeco, and State Auto pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c. DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs Liberty and/or Safeco are the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d. GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS

a. AWARD Plaintiffs Liberty, Safeco, and State Auto their actual and consequential damages in an amount determined at trial; AND

b. GRANT all other relief this Honorable Court deems just.

## COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

a. DECLARE that Plaintiffs Liberty, Safeco, and State Auto have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b. DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty, Safeco, and State Auto pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c. DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs

Liberty and/or Safeco are the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d. GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## IX.   **DEMAND FOR JURY TRIAL**

Plaintiffs Liberty, Safeco, and State Auto hereby demand a trial by jury on all claims herein.

Respectfully Submitted,
LAW OFFICES OF GREIG, KENNEDY,
SEIFERT AND FITZGIBBONS

By: /s/ *Steven M. Braun*
STEVEN BRAUN (P79461)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
248-223-0120

DATED: November 6, 2023

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, THE LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF ILLINOIS, STATE AUTO INSURANCE COMPANY OF OHIO, STATE AUTO NATIONAL INSURANCE COMPANY, and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

### DEFENDANTS

411 PT INC., 4 UR RECOVERY THERAPY LLC, FOUR TRANSPORT INC., GRAVITY IMAGING LLC, METRO DURABLE MEDICAL SUPPLY LLC, PATIENT 1ST PHARMACY, DAN FAYAD, HASSAN FAYAD, MIRNA FAYAD, AND ERNESTO CARULLA, P.T.,

**(b)** County of Residence of First Listed Plaintiff    Norfolk, MA

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Wayne, MI

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David Joseph Lankford (P47881), Steven M. Braun (P79461)
Law Offices of Greig, Kennedy, Seifert and Fitzgibbons; Attorneys for Plaintiffs;
28411 Northwestern Hwy., Suite 640, Southfield, MI 48034;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962

Brief description of cause:
Violations of the federal Racketeer Influenced and Corrupt Organizations Act, along with other causes of actions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
11/6/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes

                                                                                        ■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other    ☐ Yes
        court, including state court? (Companion cases are matters in which  ■ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :